MOBILE HOME PARKS, INC., *v.* TOWNSHIP OF PARIS.

1. MUNICIPAL CORPORATIONS—ORDINANCE—WATER AND SEWAGE—TRAILER PARKS.

Ordinance which subjected all parcels of land in sanitary sewage disposal system to a hook-up fee, *held*, correctly applied to each individual unit of land in trailer park, where park owner platted land into mobile home sites, improved the sites for residential use, and rented them to families.

2. SAME—EQUAL PROTECTION—ORDINANCE—WATER AND SEWAGE—TRAILER PARKS.

Plaintiff trailer park owner was not denied equal protection of the law by application of sewer hook-up charge imposed by ordinance to each trailer site in his park, where ordinance does not establish classifications, but imposes a fee upon each parcel of land for residential use, there being no distinction between a lot which supports a trailer and one which supports a house (US Const, Am 14; Mich Const 1963, art 1, § 2).

3. COSTS—PUBLIC QUESTION—TRAILER PARK SEWER—CONNECTION FEES.

No costs are allowed in action to determine whether sewer connection fee for trailer park shall be based on a park or trailer site basis, a public question being involved.

Appeal from Kent; Vander Wal (John H.), J. Submitted June 6, 1967, at Grand Rapids. (Docket No. 2,552.) Decided December 5, 1967.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 51 Am Jur, Taxation § 416.
[3] 5 Am Jur 2d, Appeal and Error § 1009.

Complaint by Mobile Home Parks, Inc., a Michigan corporation, against Township of Paris to enjoin defendant from enforcing its township sewage ordinance. Judgment for defendant. Plaintiff appeals. Affirmed.

*Keith R. Wellington,* for plaintiff.

*Vander Veen, Freihofer & Cook,* for defendant.

BURNS, J. Plaintiff appeals from the trial court's order which dissolved a temporary restraining order prohibiting the defendant from enforcing its township sewage ordinance and ordering plaintiff to comply with the ordinance.

Section 3 of the township sewage ordinance reads as follows:

"All parcels of land in the Paris township sanitary sewage disposal system No. 1 shall pay when hereafter connected to a sewer in addition to the cost of any extensions or laterals required to make such connection a hook-up charge of $100. Such hook-up is to be made in all cases within 18 months after sewer is available as defined by State law, further provided that this $100 hook-up charge shall be increased at the rate of $5 per year commencing January 1, 1967, to a maximum of $150."

Plaintiff is a Michigan corporation and the owner of 23.72 acres of land located within the defendant's boundaries. Plaintiff has been and is in the process of developing this tract of land into a trailer park and has subdivided the tract into 251 lots.

In May of 1966 plaintiff submitted an application requesting sewer services and tendered its check for $100. The application and check were returned to the plaintiff with an explanation that the application must include the individual identification of each

trailer unit and that a hook-up charge of $100 per trailer unit was required. There were 16 families living in 20 trailers in the park. The lots varied from 44 feet to 50 feet in width and from 70 feet to 84 feet in length. Many of the lots have been improved and consist of a patio and a slab with underground utilities. Beside each slab there is a sewer riser and a water riser.

The trial court in a written opinion held:

"In the court's opinion 'all parcels of land in the Paris township sanitary sewage disposal system' means each individual unit as applied to plaintiff's property. Each parcel of land on which a trailer is located and placed upon a cement slab with special connections for water and sewage is the same in the court's opinion as a lot upon which a residence can be built."

On appeal, plaintiff claims the trial court misinterpreted the ordinance in holding that the plaintiff was required to pay a $100 hook-up charge for each individual unit of land upon which a trailer may be placed; and that such a construction is contrary to the equal protection clauses of Federal[1] and State[2] constitutions.

The acts of the plaintiff in platting the land into mobile home sites, improving the stands for semipermanent residential use and renting them to individual families, divided the land into separate parcels. Under the facts of this case the trial court's interpretation of the ordinance was correct.

The appellant has cited several cases. However, all of the cases cited deal with the sole issue of the reasonableness of the various classifications contained in ordinances. In the present case the ordinance does not establish any classifications for the

[1] US Const, Am 14, § 1.
[2] Mich Const 1963, art 1, § 2.

imposition of the hook-up fee. The plaintiff was treated as any person or corporation who had subdivided a large tract of land into smaller individual parcels for residential use, and was charged accordingly. We can see no valid distinction between a lot which supports a residential trailer and a lot which supports a residential house. The plaintiff was not denied equal protection of the law but was given equal responsibility with other residents.

Judgment affirmed. No costs, a public question being involved.

HOLBROOK, P. J., and WISE, J., concurred.